IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RENEWALMD, PC, | |
| Plaintiff, | CIVIL ACTION NO.: 4:21-cv-184 |
| v. | |
| JOEL SHANKLIN, MD, | |
| Defendant. | |

**O R D E R**

This matter comes before the Court on Plaintiff's Renewed Motion for Default Judgment and Brief in Support Thereof; or, in the Alternative, Request to Amend Under Rule 15(a).  (Doc. 15.)  For the reasons set forth below, the Court **DENIES** Plaintiff's Renewed Motion for Default Judgment but **GRANTS** Plaintiff's Motion to Amend.  (Id.)

Plaintiff filed this Motion in response to the Court's Mary 20, 2022 Order which denied Plaintiff's original Motion for Default Judgment without prejudice.  (Doc. 13.)  Therein, the Court held that "[b]ecause the allegations in the Complaint appear to be materially inconsistent with the at-issue contracts, the Court cannot conclude that the allegations are well-pled so as to support the entry of a default judgment on Renewal's substantive claim for breach of contract."  (Id. at p. 8.)

In an attempt to remedy the deficiencies noted by the Court's prior Order, Plaintiff attached several documents to its Renewed Motion, (doc. 15-1), that were not included in its Complaint and it extensively cited to those materials within its Renewed Motion, (doc. 15, pp. 9–15).  Plaintiff contends that the Court may consider these new materials because they merely "clarify the allegations made in the original Complaint."  (Id. at p. 6.)  Plaintiff contends, "this case is different

from, for example, [Lary v. Trinity Physician Financial & Ins. Services, 780 F.3d 1101, 1106 (11th Cir. 2015),] where a customer could not assert a new TCPA-violating fax in his motion for default judgment that would give rise to an additional and independent damage-inducing violation." (Doc. 15, p. 6.)

While the facts of this case may differ from those in Lary, the well-established principles espoused by the Eleventh Circuit Court of Appeals cut against Plaintiff. The court in Lary explained that "[i]t is well settled that '[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact,' but '[t]he defendant is not held to admit facts that are not well-pleaded.'" 780 F.3d at 1106 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] As pointed out in the Court's prior Order, Plaintiff's Complaint contains several factual gaps that prevent the Court from finding that Plaintiff stated a claim against Defendant. (Doc. 13, pp. 5–9.) In seeking to fill those gaps, Plaintiff's Renewed Motion does

---

[1] Some courts outside the Eleventh Circuit have looked to materials outside the four corners of the complaint when ruling on a motion for default judgment. See Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co., 505 F. Supp. 3d 137, 151 n. 6 (N.D.N.Y. 2020) (noting that courts in the Second Circuit "have disagreed on the permissibility of looking to evidence outside the complaint in adjudicating a motion for default judgment" and finding that the better approach is to look to extraneous evidence). Plaintiff does not cite this authority in its Renewed Motion. Nonetheless, even if it had, courts in the Eleventh Circuit have not followed this approach. See, e.g., Nelson v. Atlas Apartment Homes, LLC, No. 620CV879ORL78LRH, 2020 WL 10456792, at *2 (M.D. Fla. Dec. 28, 2020) ("A party therefore may not rely on (nor may the Court consider) other evidence or argument outside the complaint and attachments thereto in determining whether the plaintiff has adequately stated a claim for which relief may be granted."); Barr v. Giveffect, Inc., No. 120CV02364SDGRDC, 2021 WL 2451509, at *1 (N.D. Ga. Apr. 15, 2021) ("A default constitutes admission of all well-pleaded factual allegations in the complaint but not facts outside the complaint, facts improperly pleaded, or conclusions of law."). Even if the Court had the discretion to look at materials outside of the complaint in ruling on a default judgment, that discretion would be limited by the Eleventh Circuit's ruling in Lary and its progeny that a defaulting defendant cannot be deemed to have admitted facts that were not well pleaded in the complaint. 780 F.3d at 1106. Here, the Court finds the attachments to Plaintiff's Renewed Motion and Plaintiff's factual allegations based on those attachments are not merely clarifications or amplifications of facts pleaded in the Complaint. Rather, these are new allegations that Defendant cannot be deemed to have admitted.

not merely "clarify" the facts already alleged. Rather, Plaintiff levies new allegations that were not even implied by the Complaint. For instance, Plaintiff now argues that a stock-transfer agreement establishes that Plaintiff was a third-party beneficiary of the agreement. (See doc. 15, pp. 10–12.) However, Plaintiff never alleged that it was a third-party beneficiary in its Complaint much less that the agreement provided as much.[2] (See doc. 1.) Having reviewed the entirety of the record, the Court finds that Plaintiff's Renewed Motion for Default Judgment hinges on documents that were not included with its Complaint and factual allegations that were not well pleaded in its Complaint. Defendant cannot be deemed to have admitted those allegations by failing to answer. Consequently, the Court **DENIES** Plaintiff's Renewed Motion for Default Judgment. (Doc. 15.)

Plaintiff requests that "if the Court finds any aspect of the Renewed Motion to be insufficient, or if it believes that any clarified allegations from the Renewed Motion must be part of the Complaint, that it grant leave to amend the complaint pursuant to Rule 15(a)(2)." (Id. at pp. 4–5.) Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend its complaint once as a matter of right either within twenty-one days after serving it or within twenty-one days after service of a required responsive pleading or motion. However, as to all other amendments, a plaintiff may only amend "with the opposing party's written consent or with the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by

---

[2] Nor did Plaintiff allege that it was a beneficiary of the contractual provisions that it contends Defendant violated, as required by Georgia law. See Archer W. Contractors, Ltd. v. Estate of Pitts, 735 S.E.2d 772, 779 (Ga., 2012) ("[A] third party is entitled to enforce only those specific provisions of a contract of which he is an intended beneficiary.").

a plaintiff may be a proper subject of relief.'"  In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Plaintiff has not exhibited bad faith, a dilatory motive, or undue delay.  Additionally, the entirety of the record reveals that Plaintiff may plausibly state a claim for relief if granted leave to amend.  Moreover, Defendant would suffer no undue prejudice from granting Plaintiff leave to amend as he has not appeared in this action.  Therefore, the Court **GRANTS** Plaintiff's Motion to Amend Complaint.  (Doc. 15.)  Plaintiff shall file its Amended Complaint within **twenty-one (21) days** of the date of this Order.[3]

**SO ORDERED**, this 28th day of November, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court reminds Plaintiff that Federal Rule of Civil Procedure 5(a)(2) mandates that a "pleading that asserts a new claim for relief" against a party who is in default for failing to appear "must be served on that party under Rule 4."